# In the United States Court of Federal Claims

No. 17-1407C
(Filed under seal August 3, 2018)
(Reissued August 15, 2018)†

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
                                    \*

| | |
|---|---|
| **ARXIUM, INC.,** | |
| Plaintiff, | Bid preparation and proposal costs; unfair inducement to compete; injunctive relief insufficient; infeasibility of meeting revised requirements; deferred entry of judgment. |
| v. | |
| **THE UNITED STATES,** | |
| Defendant, | |
| and | |
| **INNOVATION ASSOCIATES, INC.,** | |
| Defendant-Intervenor. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Fernand A. Lavallee*, Jones Day, with whom were *J. Andrew Jackson*, *Cherie J. Owen*, *Alexander M. Yabroff*, *Ryan P. McGovern*, and *Robin Overby*, all of Washington, D.C., for plaintiff.

*Sonia M. Orfield*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, with whom were *Chad A. Readler*, Acting Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Reginald T. Blades, Jr.*, Assistant Director, all of Washington, D.C., for defendant.

*Stuart B. Nibley*, K&L Gates, LLP, for defendant-intervenor Innovation Associates, Inc.

---

† Because of the protective order in this case, this order was initially filed under seal, and the parties were given the opportunity to request redactions. None have done so. Accordingly, this order is reissued for publication, with a minor, non-substantive correction.

# ORDER

WOLSKI, Senior Judge.

In this post-award bid protest, the plaintiff, ARxIUM, Inc., has moved for an entry of judgment entitling it to an award of bid preparation and proposal costs. Pl.'s Mot. for Entry J. at 1, 9 (Pl.'s Mot.).  The Court had previously found that the Defense Logistics Agency (DLA), procuring automated pharmacy equipment for the United States Air Force, arbitrarily removed the plaintiff from the competitive range established for this procurement and thus arbitrarily awarded a contract to the intervenor.  *ARxIUM, Inc. v. United States*, 136 Fed. Cl. 188, 198–208 (2018).  After belatedly discovering that images of original written prescriptions were stored in a proprietary database of the intervenor, the agency changed its interpretation of a requirement concerning the display of these images, and concluded that the plaintiff could not meet the new interpretation of this requirement.  *Id.* at 199–200.  Among other reasons, this determination was arbitrary because the plaintiff had reasonably interpreted a latently ambiguous solicitation requirement, had not been informed of its proposal's (retroactive) shortcoming during discussions, and was not given the opportunity to submit a revised proposal which could aim to meet the new, more restrictive interpretation.  *Id.* at 200–04.

The Court enjoined the government from proceeding with the award to the intervenor, Innovation Associates, and from making any award under this procurement without first amending the solicitation to clarify the meaning of two requirements, including the one concerning the prescription images.  *Id.* at 211.  The Air Force and DLA had previously (but mistakenly) believed that images of the written prescriptions were received and stored in the Air Force's own Composite Healthcare System, and not the proprietary system of the intervenor.  *See id.* at 199, 202.  With the question of rights to the images data under law and contract unexplored, as well as the costs and feasibility of alternative means of gathering the images uncertain, the Court recognized that there was a possibility that the clarified prescription images requirement might be one that ARxIUM could not meet (at least, without the cooperation of the intervenor).  *Id.* at 200–01, 210.

Typically, injunctive relief will restore to a successful bid protester its substantial chance of being awarded a contract, thereby precluding an award of bid preparation and proposal costs, "as the investment in the proposal is no longer a 'needless expense,'" *Beta Analytics Int'l v. United States*, 75 Fed. Cl. 155, 159 (2007) (quoting *Heyer Prods. Co. v. United States*, 135 Ct. Cl. 63, 71 (1956)).  But on occasions when the injunctive relief fails to fully restore this opportunity, an award of bid preparation and proposal costs is warranted.  *See, e.g., Q Integrated Cos. v. United States*, 126 Fed. Cl. 124, 148 (2016) (collecting cases).  Because a latently ambiguous solicitation provision induced ARxIUM to prepare and submit a proposal, the plaintiff would be entitled to an award of these costs if the amended

solicitation prevents it from competing for the award.  *ARxIUM*, 136 Fed. Cl. at 200–01 (citing *Centech Grp., Inc. v. United States*, 79 Fed. Cl. 562, 564, 577 (2007); *Concept Automation, Inc. v. United States*, 41 Fed. Cl. 361, 369–70 (1998)); *see also Guzar Mirbachakot Transp. v. United States*, 104 Fed. Cl. 53, 68 (2012) (holding that unnecessary bid proposal costs that were arbitrarily induced may be recovered, in addition to injunctive relief).

After the solicitation was amended, ARxIUM contends that this is the case and moves for an entry of judgment awarding its bid preparation and proposal costs.  In addition to explaining that the prescription images are currently accessed using the intervenor's PharmASSIST Symphony software, and stored in a PharmASSIST database, the amended solicitation required that offerors "have an automated (non-manual) means of retrieving" these images.  Ex. 1 to Pl.'s Mot. at 12 (Minimum Requirement No. 23); *see also* Pl.'s Mot. at 3.  The plaintiff then submitted a series of questions regarding access to the prescription images data, to which DLA responded in another amendment to the solicitation.  *See* Ex. 2 to Pl.'s Mot.  The agency explained that the Air Force intended to continue using the servers employing the PharmASSIST Symphony software to store and access the prescription images.  Ex. 2 to Pl.'s Mot. at 2; Pl.'s Mot. at 4.  Offerors were told that retrieving these images "may require permission and/or a license from Innovation Associates in order to interface with the PharmAssist /Symphony workflow software."  Ex. 2 to Pl.'s Mot. at 2; Pl.'s Mot. at 4.  And when asked whether the government would provide vendors with credentials to access the servers and database; with information such as an Entity Relationship Diagram; with an Application Programming Interface, a web service, or interface information;  with an export of the images in a nonproprietary electronic format; or with database backup or export of the images, in each case the agency responded in the negative and reiterated the need for offerors to obtain a license or permission from the intervenor.  Ex. 2 to Pl.'s Mot. at 2–3; Pl.'s Mot. at 4–6.

After exhausting those other possibilities, ARxIUM contacted Innovation Associates and requested permission or a license to access the databases containing the prescription images.  Ex. 3 to Pl.'s Mot.  The intervenor rejected the request, and stated that "meaningful access cannot be provided at this time, and cannot be in [the] foreseeable future."  Ex. 4 to Pl.'s Mot.  With the manual copying of the images prohibited, and access to the database blocked by the intervenor, ARxIUM argues that the amended solicitation precludes it and any vendor other than Innovation Associates from being able to meet the prescription images requirement, and requests an award of bid preparation and proposal costs.  Pl.'s Mot. at 2–3, 7–8.

The government opposes an award of these costs, arguing that the plaintiff has not shown that the amendment to the solicitation has precluded the latter from competing for the contract to be awarded.  According to the defendant, although a licensing agreement with the intervenor was "the obvious means of meeting" the

prescription images requirement, vendors were invited "to use their expertise to propose creative solutions to meeting the Government's stated needs." Def.'s Opp'n to Pl.'s Mot. at 2. Because of the theoretical possibility that the prescription images could be provided (by some automated means) without the permission of or a license from Innovation Associates, the government maintains that ARxIUM could still have competed for the contract under the revised solicitation. *Id.* at 2, 8–9. But both the defendant and the intervenor have previously argued that performance of the requirement would be impossible without assistance from Innovation Associates or access to its proprietary database. *See* Def.'s Cross-Mot. for J. on Admin. R. at 22–23; Int.'s Cross Mot. for J on Admin. R. at 15–16.

In a nutshell, the government, under other contracts, has placed the images in the intervenor's database, and now takes the position that the intervenor has complete control over the images. Various technical means of accessing the images or their associated data were raised by the plaintiff, but rejected by the government. *See* Ex. 2 to Pl.'s Mot. at 2–3. The government contends that ARxIUM should have kept brainstorming. But the plaintiff has done more than enough to demonstrate that it could not craft a proposal that could feasibly meet a requirement that is tantamount to removing documents from a safe belonging to the intervenor, for which only the intervenor has the keys. Since the initial solicitation did not inform offerors that the prescription images needed to be retrieved from such a proprietary database, ARxIUM was unfairly induced to enter a competition that could not be won without the aid of a competitor. Thus, the plaintiff is entitled to an award of its bid preparation and proposal costs. *See ARxIUM*, 136 Fed. Cl. at 200–01.

The only issue remaining is one of procedure, as the plaintiff requests an immediate entry of judgment. Pl.'s Mot. at 1, 9. Although there exists good, persuasive authority for our court's ability to enter judgment on a bid protester's entitlement to bid preparation and proposal costs before the size of these costs have been determined, *see CNA Corp. v. United States*, 83 Fed. Cl. 1, 5–6 (2008), *aff'd* 332 F. App'x 638 (Fed. Cir. 2009), the safer, and more usual, course is to enter judgment on the award amount, not the mere entitlement. Accordingly, the plaintiff's motion is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court finds that plaintiff is entitled to an award of bid preparation and proposal costs, but entry of judgment is deferred until the amount of this award has been determined.

To that end, the Court **ORDERS** the plaintiff to submit to the government a detailed reckoning of its bid preparation and proposal costs, on or before **August 31, 2018.** The government and the plaintiff shall thereafter confer regarding a stipulation of appropriate bid preparation and proposal costs. Upon reaching agreement, the defendant and ARxIUM shall file a stipulation with the Court for the entry of judgment for the plaintiff in that amount. If they are unable to agree, they shall, on or before **September 28, 2018,** each file a paper detailing their respective positions on the appropriate amount of costs to be awarded.

**IT IS SO ORDERED.**

s/ Victor J. Wolski

**VICTOR J. WOLSKI**
Senior Judge